IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTINA CANDIDA SCHLACTER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL,[1] | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | No. 19-1009 |

# MEMORANDUM OPINION
**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Martina Candida Schlacter brought this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, and Local Rule 72.1, consent to the exercise of jurisdiction by a Magistrate Judge has been established.

Presently before this court is the Commissioner's motion to dismiss for lack of subject matter jurisdiction. The Commissioner moves to dismiss the instant litigation arguing that this court is without subject matter jurisdiction due to plaintiff's failure to exhaust her administrative remedies, resulting in there being no "final decision after a hearing." See Motion to Dismiss, 8/27/19. For the reasons that follow, the Commissioner's motion to dismiss is

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

GRANTED and plaintiff's complaint is DISMISSED.

I.      FACTUAL AND PROCEDURAL HISTORY

On September 29, 2016, the Social Security Administration informed plaintiff that her supplemental security income would cease. See Motion to Dismiss, Ex.1 of Declaration for Janay Podraza (Podraza Decl.). The Social Security Administration notice explained that, to be eligible for supplemental security income, plaintiff's resources must less than the three-thousand-dollar resource limit for a married couple living together. See id. at 6. The notice further indicated that plaintiff had checking and savings accounts totaling over seventeen-thousand-dollars, which was over the three-thousand-dollar resource limit for a married couple living together, rendering plaintiff ineligible for supplemental security income. See id. at 8.

Plaintiff filed a request for review, which was denied on November 4, 2016. See Motion to Dismiss, Podraza Decl. at 3 and Exs. 2 and 3 of Podraza Decl. The November 4, 2016 denial letter informed plaintiff that receipt of the letter was presumed within five (5) days of the date of the letter and that plaintiff had the right to request a hearing with an Administrative Law Judge (ALJ) within sixty (60) days from the receipt of the denial letter. See Motion to Dismiss, Ex. 3 of Podraza Decl. Plaintiff had until January 9, 2017, to file a timely request for a hearing.[2] Plaintiff filed an untimely request for a hearing before an ALJ on January 30, 2017. See id., Ex. 4 of Podraza Decl. On June 22, 2017, the hearing office informed plaintiff she had fifteen (15) days to provide information of good cause showing the reasons plaintiff's request for a hearing was untimely. See id., Ex. 5 of Podraza Decl. Plaintiff failed to provide a response

---

2 Plaintiff's request for a hearing was due sixty-five days after November 4, 2016, which was a Sunday, January 8, 2017. The due date was extended to Monday, January 9, 2017, due to January 8, 2017 falling on a Sunday. Fed. Civ. P. 6(a).

to the hearing office's request for information showing good cause, thus, plaintiff's untimely January 30, 2017 request for a hearing with an ALJ was dismissed on July 21, 2017. See id., Ex. 6 of Podraza Decl.

On July 25, 2017, plaintiff requested review of the ALJ's decision to dismiss plaintiff's request for a hearing as untimely. See id., Ex. 7 of Podraza Decl. On January 11, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's July 21, 2017 dismissal. See id., Ex. 8 of Podraza Decl.

On March 11, 2019, plaintiff filed the instant action before this court seeking judicial review of the administrative proceedings. The Commissioner moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that the ALJ's order dismissing plaintiff's request for a hearing as untimely was not a "final decision" over which this court has jurisdiction.

II.     DISCUSSION

It is well-established that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). "The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action' in federal district court." Sims v. Apfel, 530 U.S. 103, 106, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (emphasis added) (quoting 42 U.S.C. § 405(g)). The SSA regulations clarify that a claimant must complete a four-step administrative review process in order to obtain a "final decision" subject to judicial review. See 20 C.F.R. § 404.900. The steps begin with the initial determination, followed by a request for

reconsideration, a request for a hearing before an ALJ, and a request for Appeals Council review. Id. § 404.900(a). If, after Appeals Council review, the claimant is dissatisfied with the Administration's final decision, he may request judicial review by filing a federal district court action. Id. §§ 404.900(a); 404.981. Failure to timely follow the appropriate steps results in the loss of the right to judicial review. Id. § 404.900(b). "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (emphasis added).

The declaration from Janay Podraza and the attached exhibits show that the ALJ has not rendered a "final decision." The ALJ issuance of an order denying a request for a hearing, finding only that plaintiff's request for a hearing was untimely. The ALJ never ruled on the merits of plaintiff's underlying claim. The ALJ's denial of a request for review as untimely is not a "final decision" within the meaning of the regulations. See 20 C.F.R. § 416.1453 (noting a "decision of an [ALJ]" is issued via a written decision which gives findings of fact, reasons for the decision, and which must be based on the preponderance of the evidence offered at the hearing or in the record.) There is no indication that plaintiff exhausted his administrative remedies. Therefore, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

AND NOW, this 30th day of October, 2019, based upon the above, IT IS ORDERED that the Commissioner's unopposed motion to dismiss plaintiff's complaint is GRANTED and this case is DISMISSED for lack of subject-matter jurisdiction. This case shall be marked CLOSED forthwith.

BY THE COURT:

    /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE